# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PRATT, | )  1:13-cv-01695-LJO-SAB-HC |
| Petitioner, | )<br>)  FINDINGS AND RECOMMENDATION<br>)  REGARDING RESPONDENT'S MOTION TO |
| v. | )  DISMISS THE PETITION<br>) |
| | )  [ECF NO. 12] |
| M. D. BITER, Warden, | )<br>) |
| Respondent. | )<br>) |
| | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison.  He challenges a prison disciplinary hearing held on January 8, 2010, wherein Petitioner was found guilty of possessing an inmate-manufactured weapon and for which he was assessed a 181-day loss of time credits.  (Pet. at 12.)  Petitioner administratively appealed the decision, and the final administrative appeal was denied at the Director's Level on December 29, 2010.  (Pet. at 28.)

Petitioner filed several collateral challenges in the state courts. On February 23, 2011, Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court.  (Pet. at 30.)

1

The superior court denied the petition on March 14, 2011.  (Pet. at 33.)  Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal on January 31, 2012.  (Pet. at 34-35.)  The petition was denied on April 26, 2012.  (Pet. at 3.)  On June 12, 2012,[1] Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  The petition was denied on November 12, 2012.  (Pet. at 41.)

On October 10, 2013,[2] Petitioner filed the instant petition for writ of habeas corpus in this Court.  Respondent filed a motion to dismiss the petition on February 14, 2014, as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).  Petitioner did not file an opposition.

## II.

## DISCUSSION

### A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Harrison v. Galaza, 1999 WL 58594 (N.D. Cal.1999) (using Rule 4 to review motion to dismiss for statute of limitations violation).  Thus, a respondent can file a motion to dismiss

---

[1] Pursuant to the mailbox rule set forth in Rule 3(d) of the Rules Governing Section 2254 Cases, the petition is deemed filed on the date Petitioner signed the form and presumably handed it to prison authorities for mailing.  See also Houston v. Lack, 487 U.S. 266, 276 (1988). Here, although the petition bears a file stamp date of June 25, 2012, Petitioner has submitted the signature form for the petition showing he signed it on June 12, 2012. (Pet. at 40.) Therefore, the Court considers the petition filed on June 12, 2012.

[2] Although the petition was filed in this Court on October 21, 2013, the proof of service attached to the petition bears a signature date of October 10, 2013.

2

after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.**     **Limitation Period for Filing a Petition for Writ of Habeas Corpus**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on October 10, 2013, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

3

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In a situation such as this where the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied.  Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period).  Therefore, the limitations period commenced on December 30, 2010, the day after Petitioner was informed that his administrative appeal had been denied.  Under Section 2244(d)(1)(D), Petitioner had one year until December 29, 2011, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed filing the instant petition until October 10, 2013, which was over a year and a half beyond the due date.  Absent any applicable tolling, the instant petition is barred by the statute of limitations.

## C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28, United States Code, Section 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law.  Evans v. Chavis, 546 U.S. 189, 191-92 (2006); Pace v. DiGuglielmo, 544 U.S. 408 (2005).  Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling.  Chavis, 546 at 198.

As stated above, the statute of limitations commenced on December 30, 2010.  He filed a state habeas petition in the Kern County Superior Court on February 23, 2011.  At that point, 56 days of the limitations period had tolled, and 309 days remained.  Under § 2244(d)(2), Petitioner is entitled to

4

tolling for the time this petition was pending in the superior court until it was denied on March 14, 2011.  Petitioner filed a habeas petition in the appellate court 324 days later on January 31, 2012.  According to Chavis, Petitioner is not entitled to tolling for that 324 interval because such a lengthy delay is unreasonable.  Chavis, 546 U.S. at 192 (Petitioner is entitled to interval tolling only if the interval is timely); see Stewart v. Cate, 734 F.3d 955, 1000-01 (9th Cir.2013) (100-day delay unreasonable); Stancle v. Clay, 692 F.3d 948, 956 (9th Cir. 2012) (82-day delay unreasonable); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir.2011) (81- and 91-day delays unreasonable).  Since Petitioner is not entitled to tolling for that interval, the limitations period expired on January 17, 2012, which was 309 days after the superior court petition was denied.  The habeas petition filed in the appellate court on January 31, 2012, as well as the habeas petition filed in the California Supreme Court, were filed after the limitations period had expired and therefore could not operate to toll the limitations period.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).  Accordingly, Petitioner is not entitled to statutory tolling and the federal petition remains untimely.  28 U.S.C. § 2244(d).

///
///
///
///
///
///
///
///
///
///
///
///
///
///

**III.**

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED, and the petition be DISMISSED WITH PREJUDICE for violating the statute of limitations.

This Findings and Recommendation is submitted to District Judge Lawrence J. O'Neill pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 27, 2014**

UNITED STATES MAGISTRATE JUDGE

6